**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| THE PARADIGM ALLIANCE, INC.,   ) <br> ) <br> Plaintiff,   ) <br> ) <br> v.   ) <br> ) <br> CELERITAS TECHNOLOGIES, LLC,   ) <br> and CELERITASWORKS, LLC,   ) <br> ) <br> Defendants.   ) <br> ) <br> ) | Case No. 07-1121-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on:

    1. Plaintiff and defendants' respective motions for a protective order (Doc. 21 & 23);

    3. Plaintiff's motion to quash (Doc. 29);

    4. Plaintiff's motion for a protective order (Doc. 31); and

    5. Defendants' motion to file under seal (Doc. 34).

The court's rulings are set forth below.[1]

---

[1] Highly summarized, this lawsuit springs from Paradigm and Celeritas' unsuccessful efforts to develop a software product. Paradigm asserts the following claims: (1) breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) conversion, and (5) misappropriation of trade secrets. Defendants assert the following counterclaims: (1) defamation, (2) tortious interference with a contract and/or business expectation, (3) false advertising and commercial disparagement, and (4) breach of contract.

**Plaintiff and Defendants' Respective Motions for a Protective Order
(Doc. 21 & 23)[2]**

The parties agree that a protective order governing the exchange of discovery materials is warranted because of the "confidential and proprietary nature of the information that will likely be produced." The proposed protective order allows each side to designate certain materials as "confidential" or "attorney-eyes only" to facilitate the expedited disclosure of information and materials while preserving the right to challenge any such designation. Although the parties agree on many of the terms of such an order, they disagree on three issues which are discussed in greater detail below.

**A. Attorneys Dakan and Harper**

Defendants seek an order prohibiting attorneys William Dakan and Kurt Harper from reviewing any materials marked by defendants as "attorney-eyes only." Defendants contend that Mr. Dakan is Paradigm's general counsel and an important fact witness; therefore, he should be precluded from viewing defendants' sensitive business information. Defendants also argue that Kurt Harper, one of the attorneys representing Paradigm in this lawsuit, should be prohibited from viewing "attorney-eyes only" designations because Mr. Harper and Mr. Dakan are partners in a relatively small law firm. Neither argument is persuasive.

Mr. Dakan is an attorney in private practice in Wichita, Kansas who has provided

---

[2] Both parties filed a motion and attached their version of the proposed protective order. See Doc. 21 & 23.

legal services to Paradigm since 2000. His services have included legal advice on "a variety of business issues, including corporate structure and operations, contracts, corporate governance, taxes, real estate, and employment issues." However, he has not participated in the decision-making process concerning design or construction issues and has advised Paradigm to seek the advice of other counsel on such matters. Similarly, he has not participated in the decision-making process concerning the marketing of Paradigm's products or engaged in any analysis of Paradigm's competitors in the marketplace. Equally important, he does not advise Paradigm on the pricing of its products, except for basic matters related to antitrust laws. Although he has provided legal advice concerning contract terms and negotiated on Paradigm's behalf, his annual services to Paradigm vary considerably from year to year with a low of 8.3 hours in 2001 to a high of 130 hours in 2006. Under the circumstances, Mr. Dakan services as outside counsel do *not* elevate his status to the level of a "competitive decision maker." See, e.g., U.S. Steel Corp. v. United States, 730 F. 2d 1465 (Fed. Cir. 1984)(attorney's involvement in "competitive decision making" may limit access to certain information). Moreover, defendants have failed to present a persuasive argument to prohibit Mr. Dakan's review of discovery materials merely because he may be a fact witness in the case.

Defendants' contention that Mr. Harper should be precluded from viewing "attorney-eyes only" material because he is a partner of Mr. Dakan in a small firm is unsupported by

any credible argument and summarily rejected.[3] Accordingly, defendants' request for a protective order prohibiting Mr. Dakan or Mr. Harper from viewing materials marked "attorney eyes only" is DENIED.[4]

**B. Marking Third Party Production as Attorney Eyes Only**

Defendants propose language allowing *the parties* to mark information produced by non-parties as "attorney eyes only."[5] Defendants contend that such a provision would minimize motion practice concerning information that may be in the hands of third parties. Plaintiff objects to such language, arguing that defendants' approach is cumbersome and unnecessary.

The court is not persuaded that language allowing a party to mark documents produced by a third party as "attorney eyes only" is warranted at this time. Accordingly, defendants' request to include such language in the order is DENIED.

---

[3] Defendants argue that "the risk of inadvertent disclosure is far greater in a smaller firm than a larger firm." The court is not persuaded that "large" law firms are any more successful than "small" firms at preventing "inadvertent" disclosures.

[4] This ruling is limited to the "blanket" order proposed by the parties and is without prejudice to either party moving for a narrower protective order concerning a specific document or what defendants refer to as "forward looking business plans."

[5] During a September 26, 2007 status conference, plaintiff clarified that it does not object to a party marking third party produced materials as "confidential."

**C. Allowing Third Parties to Become Signatories to the Protective Order**

Defendants request language in the protective order allowing *third parties* to become signatories to the protective order and, if necessary, mark information as "confidential" or "attorney eyes only." Plaintiff opposes such language, arguing that if third parties are given the option of marking something as "confidential" or "attorney eyes only," they will do so and place the burden on plaintiff to file a motion challenging the designation. Plaintiff suggests that the proposed language should be deleted, thereby placing the burden on a third party to move for a protective order.

Defendants' request for language allowing third parties to become signatories to the protective order shall be GRANTED. The proposed language merely allows third parties to designate materials as "confidential" or "attorney eyes only" similar to the relief requested by plaintiff and defendants concerning the parties' own documents and records. If plaintiff and defendants are entitled to such an order, third parties should be afforded a similar opportunity to minimize motion practice concerning discovery.[6]

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 21)** and defendants' motion for a protective order **(Doc. 23)** are **GRANTED IN PART and**

---

[6] Plaintiff's argument that the "burden of filing a motion for a protective order should be placed on the third party" is misguided. First, becoming a signatory to the protective order is voluntary and some third parties may not feel the need to seek protection under the order. More importantly, regardless of the existence of a protective order, a third party may serve a written object to production under F. R. Civ. P. 45(c)(2)(B). If such an objection is served, plaintiff has the burden of moving to compel.

**DENIED IN PART**, consistent with the rulings set forth herein. The parties shall confer and submit an agreed protective order consistent with the court's rulings by **October 10, 2007**.

### Plaintiff's Motions to Quash and for a Protective Order
### (Doc. 29 & 31)

On Friday, August 17, 2007, defendants served plaintiff with copies of three subpoenas issued to third parties to produce documents. Plaintiff moves to quash, arguing that (1) proper notice was not provided (Rule 45(b)(1), (2) the subpoenas request irrelevant information, and (3) the subpoenas should be quashed pending resolution of the parties' dispute concerning an agreed protective order. (Doc. 29). Plaintiff also moved for a protective order for similar reasons and asks that production under the subpoenas be stayed pending rulings on the parties' dispute concerning the agreed protective order. (Doc. 31).

Fed. R. Civ. P. 45 (b)(1) requires that a party provide "prior notice" to the opposing party of any subpoena commanding a third party to produce documents. Defendants contend that providing notice to opposing counsel <u>concurrent</u> with service of the subpoena is sufficient. However, the rule in the Tenth Circuit is that Rule 45(b)(1) requires notice to be given <u>prior</u> to service of a subpoena. <u>Butler v. Biocore Med. Tech, Inc.</u>, 348 F.3d 1163, 1173 (10th Cir. 2003).[7] To avoid any further confusion over this issue, the parties shall provide a minimum of **<u>five business days' notice</u>** to opposing counsel before serving a records

---

[7] The language of Rule 45(b)(1) will be amended, effective December 1, 2007, to clarify that notice must served on the opposing party *prior* to service of the subpoena.

subpoena on a non-party.

With respect to the protective order, the court has now resolved the parties' disputes. Accordingly, the parties may proceed with record subpoenas after the filing of a protective order consistent with the court's rulings.

**IT IS THEREFORE ORDERED** that plaintiff's motion for a protective order **(Doc. 31)** is **GRANTED IN PART.** Plaintiff's motion to quash **(Doc. 29)** is **MOOT.**

### Defendants' Motion to File Under Seal
### (Doc. 34)

Defendants move to file their response to plaintiff's second motion for a protective order (Doc. 31) under seal. The court has reviewed the response and related attachments and is not persuaded that the materials should be placed under seal. Accordingly, defendants' motion to file under seal shall be DENIED.

**IT IS THEREFORE ORDERED** that defendants' motion to file under seal **(Doc. 34)** is **DENIED.**

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 2nd day of October 2007.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge