# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **THE PARADIGM ALLIANCE, INC.,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CELERITAS TECHNOLOGIES, LLC,** ) <br> **and CELERITASWORKS, LLC,** ) <br> ) <br> **Defendants.** ) <br> ) <br> ) | Case No. 07-1121-MLB |

## MEMORANDUM AND ORDER

This matter is before the court on Paradigm's motion for sanctions or, in the alternative, a protective order. Doc. 237. For the reasons set forth below, the request for sanctions shall be DENIED. The request for a protective order shall be GRANTED IN PART.[1]

### Background

Highly summarized, this lawsuit springs from the parties' unsuccessful efforts to jointly develop a software product. Paradigm's claims include the following theories: (1)

---

[1] This motion was referred to the undersigned judge because the arguments concern discovery related matters.

breach of contract, (2) breach of fiduciary duty, (3) fraud, (4) conversion, (5) misappropriation of trade secrets, and (6) violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. Celeritas Technologies LLC and Celeritasworks LLC (collectively "Celeritas") assert counterclaims based on the following theories: (1) defamation, (2) tortious interference with a contract and/or business relationship or expectation, (3) false advertising and commercial disparagement, (4) breach of contract, and (5) violation of the Computer Fraud and Abuse Act. The parties' respective contentions are set forth in detail in the final pretrial order (Doc. 236) and will not be repeated except where necessary for context.

## Plaintiff's Motion

Paradigm moves for sanctions, arguing that Celeritas has engaged in discovery misconduct. Specifically, Paradigm asks that the court sanction Celeritas by:

> (1) striking from the pretrial order all reference to Accudata and any "claim" Celeritas asserts related to Accudata; and
>
> (2) quashing Celeritas' deposition subpoena to Accudata.

Paradigm's sanction request is predicated on the court's earlier order quashing a prior deposition subpoena issued to Accudata. <u>Memorandum and Order</u>, Doc. 238, filed December 2, 2008. Paradigm argues that the court's prior determination that defense counsel engaged in discovery misconduct justifies the above requested sanctions. The court does not agree. The "discovery misconduct" discussed in the December 2 ruling related to defense

counsel's submission of a subpoena to Paradigm that was worded differently from the version sent to Accudata. While this unexplained conduct is troubling, this court is not persuaded that defense counsel's conduct warrants the severity of sanctions requested by Paradigm.

In addition to discovery misconduct, Paradigm argues that Celeritas' references to Accudata should be struck from the pretrial order because "Celeritas has no actual claim related to Accudata." Doc. 238, p. 3. However, this argument is more appropriately asserted in a dispositive motion. The court declines Paradigm's request to strike language in the pretrial order under the guise of a motion for sanctions. Accordingly, Paradigm's requested sanctions shall be DENIED.

In the alternative, Paradigm requests a protective order limiting the breadth of Celeritas' deposition subpoena which asks Accudata to provide information on a range of topics. Specifically, Paradigm seeks a protective order striking the following topics from Celeritas' subpoena:

> Topic No. 4: Knowledge and information regarding all orders or purchases of data by Paradigm from 2003 through 2007.
>
> Topic No. 5: Knowledge and information regarding what data Paradigm bought for public awareness and what it paid for such data from 2003 through 2007.
>
> Topic No. 6: Knowledge and information regarding the legal obligations between Paradigm and Accudata regarding all data Paradigm obtained from Accudata from 2003 through 2007.

Paradigm contends that information on "all orders or purchases" has no relevance to this

lawsuit and "will give Celeritas an immediate boost in its fight to take Paradigm's market share." Doc. 238, p. 2. Paradigm also argues that Celeritas seeks to depose Accudata in an effort to poison Paradigm's business relationship with Accudata. Celeritas counters that information related to Accudata is relevant to issues in this lawsuit. Moreover Celeritas argues that the requested relief (striking topics 4-6 of the deposition subpoena) "is substantially the ***same as the very concessions Celeritas already offered voluntarily.***" Doc. 241, p. 4 (emphasis added).

In light of Celeritas' voluntary offer to strike topics 4-6, that portion of Paradigm's request for a protective order shall be GRANTED. However, the court is satisfied that other information sought from Accudata is reasonably calculated to lead to the discovery of admissible evidence; therefore, the court declines to quash the deposition.² Accordingly, Paradigm's motion for a protective order shall be GRANTED IN PART.

**IT IS THEREFORE ORDERED** that Paradigm's motion for sanctions, or in the alternative, a protective order **(Doc. 237)** is **GRANTED IN PART** and **DENIED IN PART**,

---

² Paradigm's assertion that Celeritas merely seeks the deposition to disrupt Paradigm's relationship with Accudata is not persuasive and rejected as a ground for quashing the deposition. There is no indication that Accudata is an unsophisticated entity. The discovery history in this case suggests that Accudata is well aware of the fact that Paradigm and Celeritas are competitors and engaged in litigation against each other. However, Paradigm is granted leave to advise Accudata at the commencement of the deposition that (1) the parties are engaged in litigation and the facts and legal issues are in dispute; (2) statements or questions by counsel during the deposition are not evidence, and (3) Accudata should rely on its own investigation and inquiries in evaluating its business relationships.

consistent with the rulings herein. The deposition of Accudata shall be taken on a mutually agreeable date.

    **IT IS SO ORDERED.**

    Dated at Wichita, Kansas this 12th day of February 2009.

                                        S/ Karen M. Humphreys
                                        _____
                                        KAREN M. HUMPHREYS
                                        United States Magistrate Judge