IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE PARADIGM ALLIANCE, INC., *Plaintiff/Counterclaim Defendant*, vs. CELERITAS TECHNOLOGIES, LLC, and CELERITASWORKS, LLC *Defendant/Counterclaim Plaintiff,* vs. KEN WILKERSON, *Third Party Defendant.* | Case No. 07-1121-EFM |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants Celeritas Technologies, LLC's and Celeritasworks, LLC's (collectively "Celeritas") Motion to Supplement the Pretrial Order (Doc. 279). On March 30, 2009, Celeritas filed the instant motion requesting leave to supplement the November 24, 2008, Pretrial Order to add a claim for breach of the parties' Reseller Agreement. Celeritas asserts this new claim is warranted based on facts obtained during the March 16, 2009 deposition of AccuData, a company with which Plaintiff The Paradigm Alliance, Inc. (Paradigm) had a contractual relationship. Celeritas contends that, because the Pretrial Order identified the substance of this claim and identified that the AccuData deposition was pending, Paradigm

would suffer no prejudice in permitting the additional claim at this stage of the litigation. Paradigm, however, disputes Celeritas' contentions, arguing that any reference to AccuData in the Pretrial Order related to Celeritas' defamation claim, and not to a breach of contract claim. Further, Paradigm asserts because the facts obtained in the AccuData deposition fail to support any breach of contract claim by Paradigm to Celeritas, allowing the supplement of the Pretrial Order would be futile.

Under Rule 16(e) of the Federal Rules of Civil Procedure, a Pretrial Order "may be modified 'only to prevent manifest injustice.'"[1] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[2] The decision to modify the pretrial order lies within the trial court's discretion.[3]

On February 12, 2009, the Court granted Celeritas leave to depose AccuData. In that Order, the Court acknowledged that the information Celeritas sought by the deposition may lead to the discovery of admissible evidence; however, granting such request did not imply that the Court would later grant leave to add a new claim. In addition, this case is set to proceed on the Court's November 30, 2009 trial calendar, and further, dispositive motions for this case have been filed by all parties and have been ruled on by this Court.[4] Moreover, Celeritas has not demonstrated that not allowing it to add this new claim would cause a manifest injustice.

---

[1] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[2] *Id.* at 1208.

[3] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citations omitted).

[4] The dispositive motion deadline was January 30, 2009.

Allowing Celeritas to supplement the Pretrial Order at such close proximity to trial would also impede the efficient resolution of this case. Therefore, we deny the motion.

Accordingly,

**IT IS THEREFORE ORDERED** that Defendants Celeritas Technologies, LLC's and Celeritasworks, LLC's Motion to Supplements the Pretrial Order (Doc. 279) is hereby DENIED.

**IT IS SO ORDERED.**

Dated this 23rd day of September, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE