# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

THE PARADIGM ALLIANCE, INC.,

    *Plaintiff/Counterclaim Defendant*,

vs.

CELERITAS TECHNOLOGIES, LLC, and
CELERITASWORKS, LLC

    *Defendant/Counterclaim Plaintiff,*

vs.

KEN WILKERSON,

    *Third Party Defendant.*

Case No. 07-1121-EFM

## MEMORANDUM AND ORDER

Plaintiff The Paradigm Alliance, Inc. ("Paradigm") commenced this action as a result of a failed business venture with Defendants Celeritas Technologies, LLC and Celeritasworks, LLC (collectively "Celeritas"). Paradigm produces geographic information systems (GIS) that provide public awareness information for pipeline safety. Utilities and pipeline companies utilize public awareness data to identify those who may be affected by operations within a designated geographical zone, thereby allowing them to identify and notify affected residences and businesses, emergency responders, or excavators to the presence of the pipeline within their respective boundaries in compliance with federal regulations. Celeritas provides Information technology (IT)

services, including application development and infrastructure management. Highly summarized, Paradigm alleges that Paradigm and Celeritas entered into a business relationship in October 2003 for the joint development and ownership of a "Community Awareness Cartridge," a web-based product combining Celeritas' ability to display data on the Internet and Paradigm's proprietary methods for obtaining, organizing, and spatially presenting public awareness data. In the course of developing the cartridge, the parties entered into various agreements and Paradigm provided Celeritas with confidential information.

After terminating the relationship in May 2005 and in the subsequent course of developing its own software (PDQ and PDQWEB) for public awareness programs, Paradigm discovered that Celeritas had secretly used Paradigm's confidential information to file a provisional application for a "Community Awareness Management Systems and Methods" patent. Although the provisional application was filed during the parties' business relationship (February 2004), only Celeritas and two Celeritas employees were listed on the patent application. Paradigm contends that Celeritas' actions and misconduct are a (1) breach of the parties' November 2003 non-disclosure agreement; (2) breach of the January 2004 non-disclosure agreement; (3) breach of the February 2005 reseller agreement; (4) breach of a fiduciary duty and duty of good faith; (5) fraud by silence; (6) conversion; and (7) misappropriation of trade secrets. Paradigm also alleges that Celeritas attempted to gain unauthorized access to protected computers containing Paradigm's PDQweb product in violation of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030.

Celeritas denies Paradigm's allegations and has pending counterclaims of Defamation and Tortious Interference with Business Expectations.

This case is now before the Court on Paradigm's and Third Party Defendant Ken Wilkerson's Motion to Exclude the Witness Testimony of Scott Evans (Doc. 314), and on Celeritas' Motion to Exclude Expert Testimony of Floyd R. Nation (Doc. 313). The Court is familiar with the standards for expert testimony, we have read the parties' briefs, and make the following ruling.

**Testimony of Scott Evans**

Paradigm moves to exclude the testimony of Scott Evans, the Chief Engineer at CeleritasWorks. Paradigm initially notes in its motion that Celeritas has not identified Mr. Evans as a witness who will provide expert testimony at trial, but nonetheless argues that a spreadsheet Mr. Evans created contains calculations based on Mr. Evans' opinion testimony which Celeritas will attempt to use at trial to demonstrate future costs and/or damages. Paradigm argues that Mr. Evans' lack of care, absence of precision, and lack of experience relating to the information contained in the spreadsheet make both the spreadsheet and his testimony inadmissible under the rules governing expert witnesses.

After reviewing the briefing, we conclude that Mr. Evans is not an expert witness, but instead, is a fact witness for the information referred. The method of calculating the data in the spreadsheet was not created by Mr. Evans for the purpose of this litigation, and it appears to be a method he has utilized for a number of years in estimating costs for CeleritasWorks projects. Thus, we conclude that Paradigm's concerns regarding Mr. Evans testimony goes to the weight of the evidence rather than its admissibility. Paradigm will have opportunity to both challenge the spreadsheet's admissibility under the appropriate rules of evidence, and challenge Mr. Evans' testimony during cross-examination. Therefore, we deny the motion.

**Testimony of Floyd R. Nation**

Celeritas moves to exclude the testimony of Floyd R. Nation, a patent attorney, on the basis that his testimony lacks proper foundation, methodology, or reliability, and because his testimony invades the province of the judge and jury, and further, is misleading. Paradigm responds by arguing that Mr. Nation's opinions are based on legitimate assumptions, and in no way usurps the judge or jury's roles.

As the Tenth Circuit has explained,

> an expert's testimony is proper under Rule 702 if the expert does not attempt to define legal parameters within which the jury must exercise its fact-finding function. However, when the purpose of the testimony is to direct the jury's understanding of the legal standards upon with their verdict must be based, the testimony cannot be allowed. In no instance can a witness be permitted to define the law of the case.[1]

Here, Mr. Nation's expert report[2] indicates that he may opine that certain specific acts by Celeritas used Paradigm's confidential and proprietary information, and that certain acts of Celeritas constitute acts of competition. Such opinion appears to be based on factual conclusions which are central to the issues in this case. Such conclusions invade the jury's province. Further, Mr. Nation's opinions also presuppose certain legal conclusions that invade the province of the Court. Therefore, we rule that Mr. Nation is precluded from testifying or providing opinions with respect to: (1) Celeritas' use of Paradigm's confidential and proprietary information as set forth in paragraph 18 of his report, and (2) Celeritas' Acts of Competition as set forth in paragraphs 31-41 of his report. However, we do permit Mr. Nation to testify to the procedures regarding the provisional and non-

---

[1] *Specht v. Jensen*, 853 F.2d 805, 809-10 (10th Cir. 1988); *see also Endress + Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd.*, 122 F.3d 1040, 1042 (Fed. Cir. 1997) (it is improper for a patent attorney testifying as an expert witness to give opinion as to the proper interpretation of a claim as a matter of law).

[2] *See* Expert Report of Floyd R. Nation (Doc. 315-2).

provisional patent applications as set forth in paragraphs 19-30. Mr. Nation may also, of course, testify as to his qualifications and background, and any other paragraph in his report not precluded by this Order.

Accordingly,

**IT IS THEREFORE ORDERED** that Paradigm's and Ken Wilkerson's Motion to Exclude the Witness Testimony of Scott Evans (Doc. 314) is hereby DENIED.

**IT IS FURTHER ORDERED** that Celeritas' Motion to Exclude Expert Testimony of Floyd R. Nation (Doc. 313) is hereby GRANTED in part, and DENIED in part.

**IT IS SO ORDERED.**

Dated this 29th day of October, 2009, in Wichita, Kansas.

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE