**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

| | |
|---|---|
| THE PARADIGM ALLIANCE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CELERITAS TECHNOLOGIES, L.L.C. and CELERITASWORKS, L.L.C., <br><br> Defendants. | Civil Action No. 6:07-CV-1121-EFM |

**PLAINTIFF THE PARADIGM ALLIANCE, INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO ALTER OR AMEND THE JUDGMENT TO ADD
<u>DECLARATORY RELIEF AND A CONSTRUCTIVE TRUST</u>**

Plaintiff The Paradigm Alliance, Inc. ("Paradigm") asks the Court to amend the judgment (ECF 495) to include a declaration that Paradigm is a co-owner of the patent applications at issue in this lawsuit and any applications derived from them. Paradigm also asks the Court to impose a constructive trust in favor of Paradigm on the benefits, rights, and interests Celeritas has obtained or will obtain from the applications and any other benefit derived from them. Declaratory relief and a constructive trust are appropriate given the jury's findings, the Court's observations from presiding over the trial, and the principles governing declaratory and equitable relief.

**I.   BACKGROUND**

The Court is familiar with the claims and facts of this case from having presided over the two-week trial.[1] Paradigm and Celeritas formed a joint venture in October 2003 to co-develop, co-own, co-market, and co-sell a web-based, public-awareness product that later became known as the Cartridge. During the joint venture, Paradigm disclosed its confidential

---

[1]   Attached as Exhibit A to is Paradigm's proposed findings of fact and conclusions of law for the Court's approval.

information and trade secrets to Celeritas, including the requirements and key functionality for the Cartridge and Paradigm's proprietary GIS processes. In doing so, Paradigm materially contributed to the development of the Cartridge, and without Paradigm's contributions, the Cartridge would not have existed.

Unbeknownst to Paradigm, Celeritas began preparing a patent application No. 60/546,718 (the "'718 Application") for the Cartridge in November 2003 and secretly filed it in February 2004 in the midst of the joint venture. The parties' joint venture ended in December 2004 when they executed the Reseller Agreement, but Celeritas' secret patent prosecution continued: in February of 2005, it filed patent application No. 11/059,847 (the "'847 Application") (collectively, with the '718 Application, the "Patent Applications") for the Cartridge. At trial, Paradigm presented evidence showing Celeritas misused Paradigm's confidential information and trade secrets in preparing and filing both Applications and, in doing so, sought to prevent Paradigm from using that information. Accordingly, Paradigm sought to recover for Celeritas' breach of fiduciary duty, fraud by silence, and misappropriation of trade secrets.

On December 14, 2009, the jury returned a verdict in favor of Paradigm. ECF 482. The jury found, among other things, that Celeritas and Paradigm formed a joint venture in October 2003, that Celeritas breached the fiduciary duties it owed to Paradigm under the joint venture, that Celeritas committed fraud by silence, and that Celeritas misappropriated Paradigm's trade secrets. *Id.* Additionally, the jury found Celeritas acted willfully and maliciously when it misappropriated Paradigm's trade secrets, and it awarded Paradigm punitive damages. The Court entered judgment on the jury's verdict on December 14, 2009 (ECF 478), and later entered an amended judgment on December 30, 2009. ECF 495.

## II. POST-JUDGMENT DECLARATORY RELIEF IS PROPERLY OBTAINED THROUGH A RULE 59 MOTION TO ALTER OR AMEND.

A post-trial request for declaratory relief is appropriately filed as a motion to alter or amend a judgment under Rule 59(e). *See* Fed. R. Civ. P. 52(b); *Paton v. New Mexico Highlands University*, 275 F.3d 1275, 1277 (10th Cir. 2002) (plaintiffs filed a motion to alter or amend the judgment to include certain declaratory relief); *Schinzing v. Mid-States Stainless, Inc.*, 415 F.3d 807, 810-11 (8th Cir. 2005) (citing Rule 59(e) when stating, "Mid-State filed a motion to amend the judgment to include a declaratory judgment of non-infringement and a judgment that Mid-State had not breached the license agreement."); *Greater Los Angeles Council on Deafness v. Zolin*, 812 F.2d 1103, 1112 (9th Cir. 1987) (stating the lower "court's decision concerning declaratory relief came in its denial of plaintiffs' post-trial motion under Rule 59(e)"); *Chavez v. Board of Ed. of Tularosa Municipal Schs.*, 614 F. Supp. 2d 1184, 1228 (D.N.M. 2008) (treating a post-judgment motion requesting declaratory relief as a Rule 59(e) motion to alter or amend); *Harvey v. City of Bradenton*, No. 04-1748, 2006 WL 1152060, at *1 (M.D. Fla. May 1, 2006) (stating, "Plaintiff's [motion for declaratory relief] is most reasonably construed as a request to alter or amend judgment under Federal Rule of Civil Procedure 59(e)").

From the beginning, Paradigm has sought to be declared a co-owner of Celeritas' patent applications for the Cartridge based on Celeritas' wrongful conduct. ECF 1, ECF 66; ECF 236 at 49. With the jury's unanimous finding in favor of Paradigm on its claims for breach of fiduciary duty, fraud, and misappropriation of trade secrets, Paradigm is entitled to such a declaration from this Court.

### III. PARADIGM HAS SATISFIED THE STANDARDS FOR SEEKING DECLARATORY RELIEF.

To warrant declaratory relief under 28 U.S.C. § 2201[2], a party must establish that the controversy at issue is (1) definite and concrete, touching on the legal relations of the parties; and (2) of sufficient immediacy and reality. *Executive Risk Indem., Inc. v. Sprint Corp.*, 282 F. Supp.2d 1196, 1202 (D. Kan. 2003). The ultimate question is whether declaratory relief will have some effect in the real world. *See Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000) (citing *Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999)). Here, declaring the proper owners of Celeritas' Patent Applications will have a real and immediate effect. The applications are presently pending before the Patent and Trademark Office ("PTO") and, as the Court heard at trial, were prepared and drafted using Paradigm's confidential information and trade secrets. But the applications seek to obtain exclusive rights for Celeritas only. By declaring Paradigm a 50% co-owner of the applications with Celeritas, the Court will settle the parties' rights regarding the applications and give Paradigm the credit it is due for its contributions to the Cartridge and for the role those contributions played in Celeritas' Patent Applications. With an equitable ownership interest in the patent applications, Paradigm's right and ability to use its confidential information and trade secrets will be assured.

---

[2] Paradigm initially filed this suit in state court and sought declaratory relief there based on the jurisdiction conferred under Kansas' Declaratory Judgment Act, K.S.A. 60-1701. Celeritas removed the action. ECF 1. Because the Kansas Declaratory Judgment Act is procedural and does not confer any substantive rights, *State Farm & Casualty Co. v. TBG, Inc.*, No. 89-2016, 1994 U.S. Dist. LEXIS 600, at *4-5 (D. Kan. Jan. 20, 1994) (describing the Kansas Declaratory Judgment Act as procedural law), Paradigm's claim for declaratory relief must be determined in accordance with the federal Declaratory Judgment Act, 28 U.S.C. § 2201, and Rule 57. *See, e.g., Farmers Alliance Mut. Ins. Co. v. Jones*, 570 F.2d 1384, 1386 (10th Cir. 1978) (finding federal Declaratory Judgment Act controls because Oklahoma's act was procedural).

## IV. THE DECLARATION PARADIGM SEEKS HAS BEEN GRANTED IN OTHER CASES AND SHOULD BE GRANTED HERE.

To be clear, Paradigm does not seek to be named as an inventor on the patent applications. Instead, because the patent applications, themselves, constitute property—property that was created out of and that incorporates Paradigm's confidential information and trade secrets, and because they represent the joint venture's opportunity, Paradigm seeks to be declared a co-owner of the applications.

Paradigm's request is based on principles of equity and fairness, not patent law, and it has been granted in numerous other cases, most recently in *Foster v. Boch Indus., Inc.*, No. 08-5093, 2009 U.S. Dist. LEXIS 15185 (W.D. Ark. Feb. 26, 2009). *See also Richardson v. Suzuki Motor Co., Ltd.*, 868 F.2d 1226, 1249-50 (Fed. Cir. 1989) (holding plaintiff entitled to be declared owner and to assignment of patent applications based on defendant's fraud, citing several cases in support); *In re Access Cardiosystems, Inc.*, 340 B.R. 127, 151 (Bkrtcy. D. Mass. 2006) (granting declaratory judgment of ownership of a patent application based on defendant's breach of fiduciary duty); *Reddi-Wip v. Knapp-Monarch Co.*, 104 F. Supp. 204, 210-211 (E.D. Mo. 1952) (declaring, based on equity and good conscience, that plaintiff was entitled to ownership of patent application and ordering defendant to assign applications to plaintiff); *Velsicol Corp. v. Hyman*, 103 F. Supp. 363, 364, 368-69 (D. Colo. 1951) (acknowledging, on rehearing, that patent applications are freely assignable and granting summary judgment to plaintiff on claim for declaration of ownership based on defendant's breach of fiduciary duty).

Under facts strikingly similar to this case, the plaintiff in *Foster* sought a declaratory judgment that he was the co-owner of a patent application covering technology he helped develop. *Id.* at *1-2. Like Paradigm, the plaintiff had entered into a business relationship with one of the defendants to develop a product, disclosed information about the underlying

technology to the defendant, and agreed with defendants on co-ownership of the product. *Id.* at *4-7. Without authorization from the plaintiff, one of the individual defendants filed a patent application on the plaintiff's work and failed to identify the plaintiff as an owner or inventor. *Id.* at *5. Plaintiff then filed suit seeking, among other things, a declaration that he was a co-owner of the technology described in the patent application and the application itself. *Id.* at *8.

In granting the plaintiff's request, the Arkansas Court stated:

> It is undisputed that Fred disclosed an early version of the Technology to [defendant] on the understanding that they would work together to fine-tune the Technology, and that each would maintain half ownership of the resulting Technology until a mutually satisfactory business was formed to capitalize on the Technology. Based on this, the Court finds that Fred is entitled to a declaration that he his a co-owner of the Technology.

*Id.* at *8. This is exactly the situation here: Paradigm and Celeritas entered into a joint venture to develop the Cartridge; Paradigm was promised by Celeritas that they would co-own the Cartridge; and, based on that, Paradigm contributed its confidential information and trade secrets. This Court is thus entitled to declare that the parties are co-owners of the Patent Applications.

Turning to the plaintiff's request for a declaration of co-ownership of the defendants' patent application, the Court addressed the difference between inventorship and ownership, stating:

> The named inventor on a patent application is presumed to be the legal owner of the property rights embodied in the patent application and any ensuing patents, but <u>patent rights are freely assignable</u> pursuant to 35 U.S.C. § 261, and in the absence of an executed assignment, <u>equitable principles may oblige a named inventor to transfer ownership of his or her rights in a</u> patent or <u>patent application to another entity</u>.

*Id.* at *9 (emphasis added) (quoting *In re Access Cardiosystems, Inc.*, 340 B.R. 127 (Bkrtcy. D. Mass. 2006), where the court ordered defendant to assign his rights in a patent application

because he had "taken advantage of an essential corporate opportunity and [had] breached various fiduciary duties toward [the plaintiff]"). Citing the equitable principle that "equity regards as done that which ought to be done," the *Foster* court found defendant's earlier promises to the plaintiff entitled him to a declaration that he was an equitable co-owner of the patent application and that any license or transfer by the defendant of the patent application without the plaintiff's consent would be unauthorized. *Id.* at *9.

Paradigm is in the same position as the plaintiff in *Foster*, and it is entitled to the same declaration concerning the '718 and '847 Applications. As the evidence at trial showed, Celeritas' patent applications used and incorporated Paradigm's confidential information and trade secrets and are the product of Celeritas' breach of fiduciary duty, fraud, and misappropriation. Although the jury awarded Paradigm money damages for its lost opportunity, those damages addressed Paradigm's past injury. They do not address the injury Paradigm will suffer in the future if Celeritas' fraudulently developed patent applications result in issued patents. With no available recourse to Paradigm other than a declaration that it is an equitable co-owner of Celeritas' patent applications, Paradigm is entitled to such relief.

## V. PARADIGM IS ENTITLED TO A CONSTRUCTIVE TRUST ON ANY BENEFITS, RIGHTS, AND INTERESTS CELERITAS HAS OBTAINED OR WILL OBTAIN FROM THE PATENT APPLICATIONS.

Under Kansas law, a constructive trust may be imposed when "the circumstances under which the property was acquired make it inequitable that it should be retained by the person who holds the legal title." *Kampschroeder v. Kampschroeder*, 20 Kan. App. 2d 361, 364-65 (1995), *rev. denied,* 262 Kan. 962 (1995). To support such a trust, "there must be fraud, actual or constructive, some betrayal of confidence reposed or some breach of duty imposed."

*Geer v. Cox*, 242 F. Supp. 2d 1009, 1023-24 (D. Kan. 2003) (quoting *In re Albert*, 194 B.R. 907, 911 (Bankr. D. Kan. 1996)).

As the jury verdict makes clear, Celeritas' committed fraud by silence and breached the fiduciary duties it owed Paradigm under the joint venture. At the very time Celeritas' pledged to be Paradigm's partner, it was secretly trying to patent the Cartridge using Paradigm's confidential information and trade secrets. Paradigm knew none of this until Celeritas' counsel sent Paradigm a cease-and-desist letter premised on the patent applications. Because the patent applications are fraudulent and the product of Celeritas' deceit and breach of fiduciary duty, Paradigm asks the Court to impose a constructive trust in Paradigm's favor on any benefits, rights, or interests Celeritas has derived and/or will derive from the Patent Applications, together with any continuations, continuations-in-part, divisions, reissues, reexaminations, additions, registrations foreign counterparts, or any extensions thereof, and any patents issuing from the Patent Applications or patent applications whose priority is based upon the Patent Applications.

## VI. ENTERING DECLARATORY RELIEF AND A CONSTRUCTIVE TRUST IN PARADIGM'S FAVOR DOES NOT TOUCH UPON PATENT LAW.

Paradigm fully expects Celeritas to renew its argument that Paradigm's Motion requires the Court to wade into patent law, make a speculative ruling without having an issued patent, or construe the claims of the patent applications. None of this is true. Paradigm simply asks that it be declared a 50% co-owner of a piece of property—property that the evidence presented at trial showed was based on and incorporated Paradigm's confidential information and trade secrets.

A determination that Paradigm is a co-owner of a piece of property is not unique to patent law. The same goes for a request for a constructive trust on the rights, benefits, and

interests in a piece of property. In fact, the only relevance patent law has to Paradigm's request is to show that the items at issue—the patent applications—are freely assignable and transferable, just like any other piece of property. The cases cited above demonstrate that Paradigm's request for a declaration of co-ownership and a constructive trust does not turn on an application of patent law or the existence of an issued patent. *See Foster*, 2009 U.S. Dist. LEXIS 15185, at *7-8 (finding no jurisdiction to determine inventorship under the patent statutes, but declaring plaintiff an owner of the patent applications based on equitable grounds); *Velsicol Corp. v. Hyman*, 103 F. Supp. at 364, 368-69 (concluding ownership of patent applications may be decided even in the absence of an issued patent because patent applications confer property rights).

## VII. CONCLUSION

Between 2003 and 2005, Celeritas secretly and fraudulently used Paradigm's information and trade secrets to prepare and prosecute patent applications in an effort to obtain exclusive rights to the Cartridge. The jury found Celeritas' conduct unlawful, willful, and malicious, and in violation of fiduciary duties owed to Paradigm. Though the jury's damages award rightfully punished Celeritas for its past conduct, Celeritas maintains exclusive ownership of the patent applications, which are the fruits of its misconduct. Equity will not tolerate this.

Accordingly, Paradigm asks the Court to declare Paradigm a co-owner of the '718 and '847 Patent Applications and any patent applications derived therefrom; to impose a constructive trust on any benefits, rights, or interest Defendants Celeritas Technologies, LLC and CeleritasWorks, LLC has derived and/or will derive from the 718 and '847 Applications, together with any continuations, continuations-in-part, divisions, reissues, reexaminations, additions, registrations foreign counterparts, or any extensions thereof, and any patents issuing

from the 718 and '847 Applications or patent applications whose priority is based upon the 718 and '847 Applications; and to grant Paradigm such other relief as the Court believes just.

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

/s/  William R. Sampson
William R. Sampson, KS #7418
Michael S. Cargnel, KS #19844
Brian P. Baggott, D. Kan. #78082

2555 Grand Blvd.
Kansas City, Missouri  64108-2613
Telephone:  816.474.6550
Facsimile:  816.421.5547
wsampson@shb.com
mcargnel@shb.com
bbaggott@shb.com

and

SHERWOOD, HARPER, DAKAN, UNRUH
& PRATT, LC
Kurt A. Harper, KS #10066
Riverfront Place – 833 North Waco
PO Box 830
Wichita, Kansas 67201
Telephone:  (316) 267-1281
Facsimile:   (316) 267-4086
kurt.harper@sherwoodharper.com

ATTORNEYS FOR PLAINTIFF
THE PARADIGM ALLIANCE, INC.

**CERTIFICATE OF SERVICE**

      The undersigned counsel for Plaintiff certifies that on this 11th day of January 2010, I electronically filed the above and foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

LATHROP & GAGE L.C.
Bernard Rhodes
David R. Barnard
James Moloney
Jason Parks
2345 Grand Blvd., Ste. 2500
Kansas City, MO 64108-2684
Email:  brhodes@lathropgage.com
       dbarnard@lathropgage.com
       jmoloney@lathropgage.com
       jparks@lathropgage.com

and

FOULSTON SIEFKIN LLP
Jack Focht
1551 N. Waterfront Pkwy., Ste. 100
Wichita, KS 67206
Email:  jfocht@foulston.com

                                            /s/  William R. Sampson
                                         ATTORNEY FOR PLAINTIFF