IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THE PARADIGM ALLIANCE, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No.: 07-1121-EFM |
| ) | |
| CELERITAS TECHNOLOGIES, L.L.C. ) | |
| and CELERITASWORKS, L.L.C., ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM AND ORDER**

Following a jury verdict in its favor, Plaintiff The Paradigm Alliance ("Paradigm") moved for attorneys fees, costs and expenses. The motion was thoroughly briefed by both sides, and on January 25, 2011 the Court issued an interim Order in which it ruled on the various disputes raised by the parties' briefing. The Court ordered Paradigm to recalculate its request for fees and expenses consistent with the Court's order, and gave Defendants Celeritas Technologies, L.L.C. and Celeritaswork, L.L.C. (collectively, "Celeritas") 21 days after Paradigm's revised fee request was filed in which to file any objections it might have to the same.

On February 16, 2011, Paradigm submitted its Second Supplemental Memorandum in Support of its Motion for Award of Attorneys' Fees, Costs and Expenses. In this Memorandum, Paradigm re-calculated its request to seek an award of $1,952,891.67 for attorneys' fees, and $354,815.35 for non-taxable costs and expenses. The Memorandum explained the process it followed, in accordance with the Court's order, to calculate these fees. That process followed the Court's directions in every regard save one: Paradigm asked the Court to also award fees for the

work of Mike Dileo and Sharif Wilson for their assistance to the trial team with graphics, demonstrative exhibits, and other presentations for the trial. Paradigm reduced its request for their services from its original to be consistent with comparable reductions in other fees pursuant to the Court's January, 2011 order. The resulting additional request was for $45,780.50.

Paradigm's Second Supplemental Memorandum reported that it had met and conferred with counsel for Celeritas regarding the revised request on three different days in February, and from those conferences Paradigm's understand was that Celeritas only objection (beyond those raised in prior briefings, which the Court's order of January deemed preserved) was with respect to Paradigm's request for fees for Messrs. Dileo and Wilson. The 21 days allowed by the Court's January 2011 order for Celeritas' response has passed without any filing by Celeritas, and therefore the Court accepts this representation as true.

The Court grants Paradigm's supplemental request for the fees of Messrs. Dileo and Wilson. Paradigm is correct that the Court personally observed the clarity and efficiency which their skillful efforts brought to the trial, and concludes that their fees (revised consistent with the Court's earlier order) should also be awarded.

Accordingly, the Court accepts in full the revised calculations by Paradigm as set forth in its Second Supplemental Memorandum of February 16, 2011.

**IT IS THEREFORE ORDERED** that Paradigm's Motion for Attorneys' Fees, Costs and Expenses (Doc. 490) is hereby GRANTED IN PART AND DENIED IN PART, and that Paradigm is awarded Attorneys' fees in the amount of $1,952,891.67 and non-taxable costs in the amount of $354,815.35.

**IT IS FURTHER ORDERED** that Doc. 528 which was incorrectly docketed as a motion is DENIED AS MOOT.

**IT IS SO ORDERED**.

Dated this 14th day of March, 2011.

*Eric F. Melgren*
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE