IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PARADIGM ALLIANCE, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v ) | Case No.: 07-1121-EFM |
| ) | |
| CELERITAS TECHNOLOGIES, ) | |
| L.L.C. et al., ) | |
| ) | |
| *Defendants.* ) | |

**MEMORANDUM AND ORDER**

Plaintiff seeks review of the Clerk's taxation of costs in this case. The underlying facts of the trial are set forth in Plaintiff's Motion as well as in several prior orders of this case, and need not be repeated here.

Certain costs may be taxed pursuant to law.[1] Courts also have discretionary power to authorize the award of costs not specifically allowed by statue upon a sufficient showing of necessity, though this discretion is to be exercised sparingly.[2]

Plaintiff challenges the denial of $13,921.05 of its costs for daily trial transcript, claiming that the daily copy was necessary due to the complexity and contentiousness of the case. The Court declines to exercise its discretion to award these costs. Although the case was somewhat long and

---

[1] 28 U.S.C. § 1920.

[2] *U.S. Industries, Inc. v. Touche Ross & Co.*, 854 F.2d 1223, 1245 (10th Cir., 1988).

certainly contentious, it lacked the complexity of those cases where daily copy has been approved.[3] The testimony was of a more typical disputed factual nature, with the Court agreeing with Plaintiff's denial of Defendant's assertions that complex patent matters were involved. While counsel may have found the daily transcript beneficial and helpful to their successful presentation of their case, the Court cannot say that it was necessarily obtained. Plaintiff's arguments including cited instances of where daily copy was useful in cross examination in ways that counsel's notes would not have been is unpersuasive.

Furthermore, Defendant's correctly note that this Court has held that "[a]s a general rule, taxation of costs for daily copy is not allowed absent prior court approval."[4] Although failure to obtain advance approval is not fatal to a request for costs of daily trial transcripts, such failure at a minimum does intensify the requirement for a showing of necessity. Such as showing has not been made here.

Plaintiff also seeks review of the Clerk's denial of $1,573.09 of its costs for scanning and converting Defendant's documents. Defendant produced documents exclusively in electronic format, and Plaintiff was required to scan them using OCR to convert them into a searchable format to make them useable. Plaintiff argues that its conversion of the electronic document production was reasonably necessary, and that such electronic scanning costs are regularly allowed. Moreover, Plaintiff argues that in the modern age, such scanning costs are the functional equivalent of "[f]ees

---

[3]*Manildra Mill. Corp. v. Ogilvie Mills, Inc.*, 878 F.Supp. 1417, 1427 (D. Kan. 1995) (where the litigated issues were complex and the trial lengthy, "[d]aily transcripts helped to focus the issues, avoid repetitive testimony, and expedite the trial" and also "proved critical to the court's management" of the case); *Vornado Air Circulation Sys. v. Duracraft Corp.*, No 92-1543, 1995 U.S. Dist. 1995 WL 794070 (D. Kan. Nov. 29, 1995) (daily transcripts found necessary where much of the testimony was expert testimony focusing on highly technical issues).

[4] *Battenfeld of America Holding Co., Inc. v. Baird, Kurtz & Dobson*, 196 F.R.D. 613, 618 (D. Kan. 2000).

for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case."[5]  The Court agrees, and allows these costs.

Finally, Plaintiff also seeks review of the Clerk's denial of $6,329.76 of its costs for making three copies of Defendant's trial exhibits.  Plaintiff argues that by having three copies, its multiple trial attorneys were able to share particular exhibits, and mark them up "to adjust and tailor witness examinations."  The Court finds that three printed copies of the Defendant's trial exhibits produced electronically is reasonable, and allows these costs.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Review of the Clerk's Taxation of Costs and Memorandum in Support (Doc. 600) is GRANTED IN PART and DENIED IN PART. The Clerk of the Court is directed to re-tax costs according to this Order.

**IT IS SO ORDERED**.

Dated this 30th day of August, 2011.

                              ERIC F. MELGREN
                              UNITED STATES DISTRICT JUDGE

---

[5] 28 U.S.C. § 1920(4).